JOHN D. COGSWELL & others *vs.* BENJAMIN N. BULLOCK.

If the records of a society which owns a meeting-house, when taken as a whole, indicate that the members have regarded themselves as a corporate body of proprietors thereof, rather than as a religious society, the society will be deemed to be a corporation of the former character; and, as such, a meeting called in any manner prescribed by its own by-laws is legal.

ACTION under Gen. Sts. *c.* 137, to recover possession of the basement of a meeting-house in Leicester.

At the trial in the superior court, before *Morton,* J., it appeared that the defendant occupied the premises under a parol lease from the Wesleyan Methodist Society in Leicester, to whom the meeting-house belonged ; that, on the written application of five members of the society to the clerk, a meeting of the

society was called, at which it was voted to lease the house and all real estate belonging to them to the selectmen of Leicester for one year; and an agent was appointed, with authority to execute the lease, who accordingly executed a written lease of the premises to the plaintiffs. Notice of this lease was given to the defendant, but he refused to vacate the premises. One of the by-laws of the society provided that, on the application of five of the society in writing to the clerk, it should be his duty to call a meeting of the society in a manner therein specified. The book of records of the society was put in evidence, and so much thereof as was found by the court to be material is referred to in the opinion.

The defendant contended that his tenancy was not terminated by the lease, because the meeting was not legally called by the clerk, and therefore the vote conferred no authority on the society to execute the lease; but the judge ruled otherwise, and the jury returned a verdict for the plaintiffs. The defendant alleged exceptions.

*T. L. Nelson,* for the defendant. The society was a religious society, within the meaning of Gen. Sts. *c.* 30, § 4. The clerk, therefore, had no authority to call meetings, any more than a town clerk can call town-meetings; and the society had no power to prescribe in by-laws the mode of calling meetings, because the manner is fixed by statute. The lease therefore was not the lease of the society. And the defendant may avail himself of this objection. See Gen. Sts. *c.* 30, §§ 9–18, 27–31; *c.* 7, § 3; *c.* 68, § 7; Angell on Corp. § 491; *Rand* v. *Wilder,* 11 Cush. 294, 297; *Ladd* v. *Clements,* 4 Cush. 476; *Kelly* v. *Waite,* 12 Met. 300; *Third School District in Stoughton* v. *Atherton,* Ib. 105, 114; *Stevens* v. *Taft,* 3 Gray, 487; *Wiggin* v. *Freewill Baptist Church,* 8 Met. 301; *Reynolds* v. *New Salem,* 6 Met. 345.

*G. F. Hoar & F. P. Goulding,* for the defendant.

BY THE COURT. We do not think that it appears that the by-law prescribing the mode of calling meetings was illegal and invalid. If the association was a "religious society" or "parish," within the meaning of Rev. Sts. *c.* 20, §§ 1, 26–29; Gen.

Sts. *c.* 30, §§ 1, 45, perhaps the point would be well taken. But from an inspection of the records and the course of proceedings since the first organization, we are of opinion that the members, from the first, have regarded themselves as a body of proprietors of a church or house of worship. A very large proportion of all the meetings which have been held are recorded as "meetings of the stockholders of the Wesleyan Church;" and the adoption of the by-laws in question at the outset of the organization, being the method prescribed for calling meetings of proprietors, seems to indicate that it was the intention of the members to establish themselves as a body of proprietors, rather than as a parish or religious society. Regarded as such, there can be no doubt that the by-law was valid; Rev. Sts. *c.* 20, § 35; reënacted in Gen. Sts. *c.* 30, § 31; and that the meeting authorizing a lease of the premises in controversy to the plaintiffs was duly called.    *Exceptions overruled.*